UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rami Ammar Ghali and Belal Ammar Ghali,<br><br>                              Plaintiffs,<br><br>v.<br><br>David M. Radel, Los Angeles Asylum Office, Director, U.S. Citizenship and Immigration Services, et al.,<br><br>                             Defendants. | Case No.: 18-cv-0508-AJB-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND (Doc. No. 5)** |

Before the Court is Defendants' motion to dismiss Plaintiffs' complaint for mandamus relief filed under the U.S. Citizen and Immigration Service statute. Finding that Plaintiffs neither established subject matter jurisdiction nor stated a claim for relief, the Court **GRANTS** Defendants' dismissal motion. (Doc. No. 5) However, Plaintiffs raised new constitutional arguments in their opposition, which the Court **GRANTS** leave to amend to explore.

## I.    BACKGROUND

Plaintiffs are brothers who came to the United States from Syria as F-1 students in August 2015. (Doc. No. 1 ¶ 5.) In March 2015, Plaintiffs filed applications for asylum, asserting fears of returning to Syria due to religious beliefs, political opinions, and specific

1

social memberships. (*Id.* ¶ 6.) Since then, Plaintiffs have still not received an asylum interview, as mandated by statute. Plaintiffs bring this lawsuit hoping to have the Court order the government to process this case to a resolution. (*Id.* ¶ 16A.)

## II. LEGAL STANDARDS

Rule 12 (b)(1) of the Federal Rules of Civil Procedure allows a Defendant to move for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiffs have the burden to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). Federal courts have limited jurisdiction, and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on subject matter jurisdiction, the court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the Plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a Plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

## III. DISCUSSION

Defendants bring their motion to dismiss under four grounds: (1) the Court lacks subject matter jurisdiction; (2) Plaintiffs fail to state a claim under the Administrative Procedure Act; (3) Plaintiffs fail to state a claim under the Mandamus Statute; and (4) Plaintiffs present a non-justiciable political question. Because the Court grants dismissal on the first three arguments, the Court declines to analyze the political question argument.

### A. Subject Matter Jurisdiction

Defendants argue that the Court does not have subject matter jurisdiction because there is no procedural or substantive right to enforce. (Doc. No. 5-1 at 17.) An asylum claim under 8 U.S.C. § 1158(d)(5)(A)(ii) provides "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." However, § 1158(7) states that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Defendants argue that Plaintiffs' mandamus claim under § 1158 must be dismissed because Congress has not authorized a duty to compel relief

3

under the Section. In such cases, when there is no clear nondiscretionary duty owed to Plaintiffs, Defendants assert there is no federal cause of action. As discussed below, case law supports Defendants' contentions.

### B. Administrative Procedure Act

Defendants allege Plaintiffs' APA claim must fail because "USICS has not 'unreasonably delayed' any agency action." (Doc. No. 5-1 at 19 (quoting 5 U.S.C. § 706(1)).) Defendants note that the only unreasonable delay Plaintiffs state is "the passage of time," as Plaintiffs filed their claim 27 months ago (at the time of the motion). (*Id.*)

The Administrative Procedures Act provides, in part, that a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, a reviewing court can only compel agency action "if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–64 (2004)). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Vietnam Veterans*, 811 F.3d at 1075–76 (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)).

Here, Plaintiffs allege that the three plus year delay in processing their asylum applications is unreasonable and requests that the Court compel agency action. (Doc. No. 1 ¶¶ 6, 16.) Specifically, Plaintiffs note that in the time their applications have been pending, the Agency changed its policies such that recently-filed applications and those already scheduled for an interview would be processed first. (*Id.* ¶ 9.) Defendants argue that the delay in this case is not unreasonable given the backlog of applications currently pending before the agency, and reason that the change in policy was meant to reduce fraudulent applications and thus reduce the load as a whole. (Doc. No. 5-1 at 14.)

Courts are instructed to apply the so-called "*TRAC* factors" when determining whether an agency's delay is reasonable. The *TRAC* factors include:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonable delayed.

*Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

The first and second factors slightly favor Plaintiffs. Congress has specified that the initial interview should commence within 45 days, and final adjudication shall be completed within 180 days. *See* 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii). However, even though Plaintiffs' applications have been pending for over several years, other courts have found similar and longer administrative processing delays to be reasonable. *See, e.g.*, *Alaei v. Holder,* No. 15cv8906-ODW, 2016 WL 3024103, at *2 (C.D. Cal. May 26, 2016) (finding one and one-half year delay reasonable); *Singh v. Napolitano*, 909 F. Supp. 2d 1164 (E.D. Cal. 2012) (finding a four-year delay reasonable); *Mohsenzadeh v. Kelly*, 276 F. Supp. 3d 1007, 1010 (S.D. Cal. 2017) (with respect to an application for lawful permanent residence status (Form I-485) "[t]he delay of five and a half years is insufficient to show refusal to adjudicate"). Thus, these factors only slightly favor Plaintiffs.

The third and fifth factors favor Defendants. Plaintiffs have not alleged any specific harm they sustained or continue to sustain as a result of the Defendants' failure to adjudicate their applications. Plaintiffs only make the bare allegation that "Plaintiffs have been greatly damaged. . . ." (Doc. No. 1 ¶ 16.) As permitted under the Act, Plaintiffs also may apply for work authorization given that their applications have been pending for more than 180 days. *See* 8 U.S.C. § 1158(d)(2). Plaintiffs are also safe from deportation during this time. (Doc. No. 5-1 at 22 ("[plaintiffs] have been provided with a safe haven and an

opportunity to live and work in the United States during the pendency of the processing of their asylum applications.").) Plaintiffs argue this is irrelevant, but the Court finds that it goes to the Plaintiffs' interests in being able to live their lives during the delay without those additional concerns.

Under the fourth factor, the D.C. Circuit has stated that a judicial order compelling agency action is improper when "putting [an individual] at the head of the queue would simply move all others back one space and produce no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting *In re Barr Laboratories, Inc.*, 930 F.3d 72, 75 (D.C. Cir. 1991)). Defendants indicate "judicial intervention here would undermine the current Asylum Interview Scheduling Priorities as outlined on January 31, 2018[,] and increase the likelihood that only applicants with the means to hire counsel will obtain preferential treatment in the adjudication process." (Doc. No. 5-1 at 21.) Finally, the Court has not found any impropriety in the ballooning delay of Plaintiffs' applications. Defendants cite to a backlog that grew "1,750%" since 2014. (*Id.* at 25.) Moreover, Defendants are attempting to rectify the backlog by hiring more asylum officers, assigning refugee officers to assist, and have addressed "cancellation cases." (*Id.* at 21.)

Taken together, the *TRAC* factors favor Defendants.

### C. Mandamus Statute

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary cases.'" *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). A party requesting a writ of mandamus must satisfy three conditions: the party must have no other adequate means to attain relief; the party's right to issuance of the writ must be clear and indisputable; and the issuing court must be satisfied that the writ is appropriate under the circumstances. *See In re United States*, 791 F.3d 945, 954–55 (9th

Cir. 2015).

Here, Plaintiffs do not have a right to seek mandamus relief. Plaintiffs' complaint seeks judicial action to compel compliance with certain asylum procedures. Specifically, as noted *supra*, 8 U.S.C. § 1158(d)(5) provides in part that, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii).

Section 1158(d)(7) states, however, that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). The Ninth Circuit has held that similar statutory language in other sections of the Immigration and Nationality Act expressly precludes mandamus relief. *See Campos v. I.N.S.*, 62 F.3d 311 (9th Cir. 1995) (holding that identical language precluded mandamus relief under 8 U.S.C. § 1252(i)). The Court sees no reason, and Plaintiffs have not offered any, as to why the language in § 1158(d)(7) should be read differently. *See also Alaei*, 2016 WL 3024103, at *2 (holding that the plaintiff was not entitled to mandamus relief pursuant to § 1158(d)(7)); *Pesantez v. Johnson*, No. 15 Civ. 1155 (BMC), 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) (same). Plaintiffs simply fail to address this argument altogether in their opposition. Further, as noted by Defendants in their reply, Plaintiffs cite to several cases purporting to hold in their favor are all adjustment of status cases under 8 U.S.C. § 1255, which notably the § 1158(d)(7) bar does not apply.

For these reasons, the Court concludes that Plaintiffs are not entitled to mandamus relief.

### IV. LEAVE TO AMEND

In their opposition, Plaintiffs raise, for the first time, a constitutional argument. Plaintiffs generally state that the last in first out process violates their due process and constitutional rights:

> "Plaintiffs assert the USCIS Asylum Division decision to schedule asylum interviews on a last in first out basis violates their constitutional rights to due

> process and fundamental fairness because the most recent announced Government policy indicates they have no reasonable expectation that they will be interviewed on their already-filed applications for nearly a decade, according to the sworn declaration of John Lafferty, Chief of the Asylum Division."

(Doc. No. 7 at 24.) Defendants argue that even if a constitutional claim was raised, it would fail. Defendants rely on case law from removal proceedings to support their arguments. However, the Court notes that prolonged detention without a hearing in removal proceedings can violate due process. *See Rodriguez v. Nielsen*, No. 18-cv-4187-TSH, 2019 U.S. Dist. LEXIS 4228, at *17–19 (N.D. Cal. Jan. 7, 2019) (hearing necessary after six months). While Plaintiffs are not being detained here, the Court also doubts that an infinite delay in rights owed under the statute would be constitutional. Thus, as instructed by Federal Rule of Civil Procedure 15(a), the Court **GRANTS** Plaintiffs leave to amend to address their constitutional claims.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claims under the APA and the Mandamus Statute. (Doc. No. 5.) However, the Court also **GRANTS** Plaintiffs leave to amend <u>only</u> to allege any constitutional claims hinted at in their opposition. Should Plaintiffs choose to amend, the <u>first amended complaint</u> is due by **April 26, 2019**.

**IT IS SO ORDERED**.

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge